LOTTINGER, Judge. '
This is a suit for the price of two neon signs, erected by petitioner, Louis J. Mo-hana, on the premises of. the defendant, Mike Ferris. The amount of petitioner’s demand is in the sum of $700. Defendant denies liability, alleging that the signs were defective and not as specified in the contract, and filed a reconventional demand for damages in the sum of $1,000. The lower court rendered judgment against petitioner on 'the main demand, and gave judgment in favor of defendant on his re-conventional demand in the sum of $350. Petitioner has taken this, á devolutive appeal.'
The petitioner alleges that on or about November 11, 1946, the defendant gave petitioner' a written order for two neon signs to be constructed and placed in front of his place of business in the Parish of Ascension, Louisiana. The price of the two signs, as specified in the written order, or contract, was in the sum of $700. Petitioner claims that the signs were erected and installed on December’ 13, 1946, and they fully complied with the contract.
Defendant filed answer denying .that the signs were as specified in the contract, and further claiming that the signs were defective and failed to operate properly. Because of the faulty signs, as claimed by defendant, he filed a reconventional demand in the sum of $1,000, which includes loss of ’ trade, loss of time and inconvenience because of faulty installation of the signs, and loss of time and' effort in attempting to have petitioner remedy the defects.
The lower court dismissed, petitioner’s demand, and gave judgment in favor of defendant on his demand in reconvention in the sum of $350.
■ There was introduced into evidence two sketches of one of the signs which was in the shape of an inverted “T”. The word “Club” was to be placed vertically on the *140 sign; and the word “Ferris” was to be placed on the lower bar in a horizontal position. The petitioner testified that one of the sketches, P-2-A, showed the night effect of the sign, on which a colored line was drawn in the center of each letter representing the neon tubing; and that sketch, P-2-B, was to show the day effect of the sign upon which the coloring of the painted background was shown.
Defendant claims that the inverted “T” sign was defective in two instances. First he claims that the neon tubing was to go around the letters rather than through the center of them. Secondly, he claims that the neon letters around the word “Club” were supposed to be fifteen inches in height, and the neon tubing around the word “Ferris” was supposed to be twelve inches in height. The petitioner claims that the neon tubing was to go through the center of the letters instead of around them and that the painted background of the letters, rather than the neon tubing, was to be fifteen and twelve inches respectively. The said exhibits, and the sign, are in accordance with the claim of petitioner insofar as the lettering is concerned.
Exhibit P-2-A is glued to the front of Exhibit P-2-B. Exhibit P-2-B contains the signature of defendant, whereas Exhibit P-2-A does not. Upon being cross examined by counsel for petitioner, defendant testified as follows:
“Q. I show you document marked P-2 and ask you if that is a sketch of work which was contracted to be done ? A. It’s part of it, but it’s not all of it.
“Q. Did you at any time or in any place sign that document? A. Yes, but when I signed it, it had figures on it. I don’t see any figures. There’s supposed to be 15" here and 12" here and I don’t See it.
“Q. I ask you to look at the document marked P-2-A and ask you if it contains the dimensions. A. I didn’t sign the other one. That’s the one I signed.”
The above evidence shows that the defendant saw' the sketches before the work was undertaken, as the figures he referred to were on the sketch marked P-2-A, and his signature to the last document, P-2-B, shows that he approved the sketches. It is clear from the sketches that the neon tubing was to be in the center of the wording, and that the painted background was to be 15" and 12" respectively. The size of the neon tubing yyas not specified, however, according to the sketches, they would have to be smaller than the letters on the painted background.
Several witnesses for the petitioner testified that they had assisted in erecting the sign in front of defendant’s place of business. They stated that he asked about the size of the letters, but that he did not complain about them. The defendant testified that he violently complained to these witnesses that the lettering was smaller than that specified in the contract. From the evidence given by these witnesses, it seems that the defendant did inquire as to the size of the letters, however, he did not complain or protest that they were smaller than that specified.
The other sign consisted of a border across the front of the building with the words “Club Ferris” written in script. There was no background to this sign, and the neon tubing was attached directly to the building. The defendant alleges this sign to be- defective in that the curves are so sharp that the gas leaks out of the tubing and the sign is therefore defective. It appears that if, as is claimed by defendant, there are leaks in the tubing, the sign would not light up at all as the principle behind neon signs is the lighting of the gas contained in the tubing. All the employees of petitioner who set up the signs stated that they checked them and that they were working perfectly. The defendant testified that he insured this sign and that, at > the time of the trial, the insurance was still in effect.
We do not believe that the defendant proved, by a preponderance of the evi *141 dence, that the signs were not as specified in the contract or that they were defective. Furthermore, we do believe that the petitioner ha.s shown that the signs were as specified in the contract and the sketches, and has at least shown a substantial compliance therewith.
The evidence shows that the signs were as specified in the contract entered into between the parties to this suit. It follows that the petitioner should be allowed to recover the full amount of the price set forth in the' contract, that is the sum of $700.
For the reasons assigned, the judgment of the lower court is reversed, and there is judgment in favor of petitioner, Louis J. Mohana, and against defendant, Mike Ferris, in the full sum of $700, with legal interest from date of judicial demand until paid, all costs of this proceeding to be paid by defendant.
(Judgment reversed.